Dear Mr. Bell:
You have been directed by resolution of the New Orleans Business Industrial District's Board of Commissioners (the "board") to request an Attorney General's opinion regarding the Chair position to the board presently held by Mr. Dwayne P. Smith.
On September 22, 1998, the board office received notification by letter dated September 8, 1998, from an appointing authority removing its previous appointee, Mr. Jaques Jackson, and appointing Mr. Smith to serve the remainder of that term. As Mr. Smith was already holding membership by another appointing authority, this effectively had him serving on the board in two membership capacities.
On September 23, 1998, the board received a package addressed to Mr. Smith notifying him that his original appointment was not renewed and that this position was reappointed. The issue presented is whether Mr. Smith remains as chairman to the board pursuant to these facts or whether an election for a new chairperson must be called.
Every member serves on the board pursuant to appointment under LSA-R.S. 33:4702(B). However, members may be removed by the appointing authority and may be reappointed. LSA-R.S. 33:4702(B) (6). In Subsection (C) of that statute, the board is mandated to, "elect from its members a chairman. . .; chairman shall serve at the pleasure of the board."
In this office's opinion, Mr. Smith remains as chairman to the board. The members of the board are statutorily required to elect from their number a chairman who serves at the pleasure of the board. Beyond this mandate, the pertinent statutes do not address this service. Therefore, the bylaws of the board control.
As you point out, Article II, § 2 of the board's bylaws require the board members to hold an election of its officers in November of each year. Those officers are elected for a term of one (1) year, said term to run from January 1st through December 31st of each year. No restrictions are placed on this service.
Mr. Smith's membership continued uninterrupted as a result of his dual appointment to the board. The position of chairman follows the appropriate election, not the appointing authority. Consequently, he remains as chairman to the board to serve out his term accordingly.
You have also asked us to address any dual officeholding issues that may apply to Mr. Smith serving on the board pursuant to two different appointing authorities, however brief that overlap occurred. By Mr. Smith's acceptance of the second of the two appointments, any potential conflict or incompatibility issues are ameliorated. Therefore, we believe this issue to be moot and need not be further addressed.
In conclusion, it is the opinion of the office that Mr. Smith's appointment by a second appointing authority and subsequent removal from his original seat by that previous appointing authority does not affect his position as chairman to the board.
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb
Date Received:
Date Released:
CARLOS M. FINALET, III
Assistant Attorney General